**Hand-Delivered**  Defenses against F-AWDW Injury

# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA CHARLOTTE DIVISION

**ALVIN B. TRUESDALE**, Plaintiff,

v.

3:25-cv-125-MOC

FILED
CHARLOTTE, NC

**ATRIUM HEALTH/ADVOCATE HEALTH**, Defendant.

FEB 19 2025

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND RETALIATION

US DISTRICT COURT
WESTERN DISTRICT OF NC

**Jury Trial Demanded**

### INTRODUCTION

1. This action arises from Atrium Health/Advocate Health's unlawful termination of Plaintiff Alvin B. Truesdale, its failure to provide requested personnel records, and its retaliatory conduct following Plaintiff's protected activity of reporting workplace violence and harassment. Plaintiff seeks compensatory damages, equitable relief, and any other remedies available under federal and state law.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as the claims arise under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e et seq.). Supplemental jurisdiction exists for related state-law claims under 28 U.S.C. §1367.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as the unlawful employment practices occurred in Charlotte, North Carolina.

### PARTIES

4. Plaintiff Alvin B. Truesdale is a resident of Charlotte, North Carolina, and was employed by Atrium Health until his termination on January 17, 2025.

5. Defendant Atrium Health/Advocate Health is a healthcare system headquartered in North Carolina and is an employer as defined by Title VII.

### FACTUAL ALLEGATIONS

6. Plaintiff was hired by Atrium Health and maintained a superb job performance throughout his employment and was known as a high-performance employee during the full course of his employment.

7. Beginning in early 2024, Plaintiff was subjected to verbal threats, harassment, and bullying by a coworker, Adam Williams. Supervisors, including Mr. Kint Greenhouse, Ms. Aleida Rodriguez, and Ms. Ashley, witnessed these behaviors but failed to report them to Human Resources.

8. On January 12, 2025, Plaintiff was again threatened by Adam Williams in a workplace incident. Plaintiff reported the incident to HR on January 14, 2025.

9. On January 17, 2025, Plaintiff received a phone call and was informed by Mr. Greenhouse of his termination without being given an opportunity to provide his account of the incident(s).

10. On January 22, 2025, Plaintiff received an email stating he was ineligible for the resolution process due to "the circumstances of his separation."

11. On February 5, 2025, Plaintiff submitted a formal written request for his personnel file, termination letter, and investigation report, which Atrium Health refused to provide in violation of N.C. Gen. Stat. §95-133(a).

12. Plaintiff filed EEOC Charge No. 430-2025-01427. On February 4, 2025, the EEOC issued a Notice of Right to Sue.

## CAUSES OF ACTION

### COUNT I: RETALIATION UNDER TITLE VII

13. Plaintiff engaged in protected activity by reporting workplace harassment.

14. Defendant terminated Plaintiff and denied him access to the resolution process in retaliation for this protected activity.

### COUNT II: WRONGFUL TERMINATION UNDER NORTH CAROLINA PUBLIC POLICY

15. Plaintiff was terminated in violation of North Carolina public policy against workplace violence and retaliation for reporting safety concerns.

### COUNT III: FAILURE TO PROVIDE PERSONNEL RECORDS IN VIOLATION OF N.C. GEN. STAT. §95-133(a)

16. Defendant's refusal to provide requested records violated Plaintiff's statutory right to access his employment records.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests:

- Compensatory and punitive damages
- Reinstatement or front pay
- Production of personnel records, including but not limited to any performance reviews, disciplinary actions, training records, and employment agreements.
- Copy of the official letter or documentation confirming my termination, including the stated reason(s), witness statements, and findings related to the investigation into the January 12, 2025 incident involving Adam Williams and Plaintiff.
- All related findings concerning the January 12, 2025 incident.
- Reevaluation of Termination Decision: Conduct a thorough review of the investigation process and provide a detailed explanation of the grounds for Plaintiff's termination.
- Grant Plaintiff an opportunity to formally appeal the termination decision and present his side of the story, including evidence and witness statements that demonstrate procedural errors and policy violations.
- Reinstate Plaintiff employment with Atrium Health or, at a minimum, remove the "not eligible for rehire" designation from his employment record.
- Provide a written assessment as to whether or not Atrium Health's workplace investigation policies and procedures were properly followed in this case, and whether they have taken steps to

prevent similar errors in the future.

Respectfully submitted,

/s/ Alvin B. Truesdale

Alvin B. Truesdale Pro Se Plaintiff
Email: alvintruesdale19@gmail.com

835

835 Log Cabin Rd.
Charlotte, NC 28213